# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

AARON DOMINIQUE IVORY,

       Defendant-Appellant.

UNPUBLISHED
April 12, 2016

No. 325055
Genesee Circuit Court
LC No. 14-035239-FC

Before: GLEICHER, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions of first-degree felony murder, MCL 750.316(1)(b), armed robbery, MCL 750.529, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. We affirm.

Defendant's convictions arise from an armed robbery in the parking lot of a party store that resulted in the victim being shot to death. After his arrest, defendant confessed to the shooting, but stated that it was an accident. At trial, defendant testified that he was not involved in the crime at all; he had only confessed because he had been threatened and feared for the safety of his family. Defendant was convicted as charged.

On appeal, defendant argues that he was denied his right to effective assistance of counsel because defense counsel failed to request jury instructions on the necessarily included lesser offenses of second-degree murder and involuntary manslaughter. We disagree.

To preserve a claim of ineffective assistance of trial counsel, a defendant must move for a new trial or for a *Ginther*[1] hearing in the trial court. *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014). Because defendant did not do so, this issue is not preserved and our review is limited to errors apparent on the record. See *id*. (citation omitted).

To establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was below an objective standard of reasonableness and there is a

---

[1] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

-1-

reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *People v Sabin (On Second Remand)*, 242 Mich App 656, 659; 620 NW2d 19 (2000). Effective assistance of counsel is presumed, and the defendant bears a substantial burden of proving otherwise. *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012). There is a strong presumption that defense counsel employed effective trial strategy. *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009). This Court "will not substitute our judgment for that of counsel on matters of trial strategy, nor will we use the benefit of hindsight when assessing counsel's competence." *People v Unger*, 278 Mich App 210, 242-243; 749 NW2d 272 (2008).

The elements of first-degree felony murder are that a human being was killed by a person with malice[2] who was committing, attempting to commit, or assisting in the commission of a felony enumerated in MCL 750.316(1)(b), which includes robbery. *People v Smith*, 478 Mich 292, 318-319; 733 NW2d 351 (2007). The difference between first-degree felony murder and second-degree murder is the absence of the predicate felony supporting the charge of felony murder. "[S]econd-degree murder is first-degree murder *minus* . . . the enumerated felony." *People v Clark*, 274 Mich App 248, 257; 732 NW2d 605 (2007), quoting *People v Carter*, 395 Mich 434, 437-438; 236 NW2d 500 (1975). And involuntary manslaughter is the unintentional killing of another, a homicide "committed with a lesser mens rea of gross negligence or an intent to injure, and not malice." *People v Gillis*, 474 Mich 105, 138; 712 NW2d 419 (2006), quoting *People v Holtschlag*, 471 Mich 1, 21-22; 684 NW2d 730 (2004).

Here, for a second-degree murder jury instruction to be applicable, evidence must have existed from which a jury could rationally conclude that defendant killed the victim, with malice, but not during the commission of an armed robbery. The record evidence included that defendant told police he used a gun to commit the armed robbery, but claimed that the shooting was an accident. At trial, defendant denied any involvement in the crime. Thus, a jury could not rationally conclude that defendant killed the victim, with malice, but not during the commission of an armed robbery. Accordingly, his counsel was not ineffective for failing to request a jury instruction on second-degree murder because counsel is not required to argue meritless positions. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Similarly, for an involuntary manslaughter jury instruction to be applicable, evidence must have existed from which a jury could rationally conclude that the victim's death was caused by gross negligence or an intent to injure that did not amount to malice. *Gillis*, 474 Mich at 138. Again, the record evidence included that defendant told police he used a gun to commit the armed robbery, but claimed that the shooting was an accident. Defendant stated that the victim had begun "reaching" during the confrontation, but defendant did not aim the gun at the victim; if anything, defendant thought the gun was going to shoot the car. The use of a deadly weapon

---

[2] "Malice is defined as the intent to kill, the intent to cause great bodily harm, or the intent to do an act in wanton and wilful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm." *People v Goecke*, 457 Mich 442, 464; 579 NW2d 868 (1998).

to rob the victim, and then to fire a gunshot near him that ultimately killed him, amounts to malice. See *Goecke*, 457 Mich at 464; see also *People v Bulls*, 262 Mich App 618, 627; 687 NW2d 159 (2004). In light of the record evidence, a jury could not rationally conclude that defendant shot the victim to death, but that the death was caused by gross negligence or an intent to injure that did not amount to malice. See *Gillis*, 474 Mich at 138; *People v McMullan*, 284 Mich App 149, 153; 771 NW2d 810 (2009). Accordingly, defense counsel was not ineffective for failing to request a jury instruction on involuntary manslaughter because counsel is not required to argue meritless positions. See *Ericksen*, 288 Mich App at 201.

Moreover, even if a rational view of the evidence supported either of the lesser included offense instructions, requesting these jury instructions would have been inconsistent with defense counsel's trial strategy to create a reasonable doubt that defendant was even involved in the armed robbery and shooting. Although "a defendant in a criminal matter may advance inconsistent claims and defenses[,]" *People v Cross*, 187 Mich App 204, 205-206; 466 NW2d 368 (1991), failing to request an instruction when it is inconsistent with a defense theory and might damage a defendant's case is a matter of trial strategy, *People v Gonzalez*, 468 Mich 636, 645; 664 NW2d 159 (2003). This Court will not second-guess counsel on matters of trial strategy. *People v Rice (On Remand)*, 235 Mich App 429, 445; 597 NW2d 843 (1999).

Affirmed.


/s/ Elizabeth L. Gleicher
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood