# Order

Michigan Supreme Court
Lansing, Michigan

May 8, 2009

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

137326

PEOPLE OF THE STATE OF MICHIGAN,
       Plaintiff-Appellee,

v

MONTEZ A. STOVALL,
       Defendant-Appellant.

SC: 137326
COA: 287160
Wayne CC: 92-000334;
92-000335

_____/

On order of the Court, the application for leave to appeal the September 3, 2008 order of the Court of Appeals is considered, and it is DENIED, because the defendant's motion for relief from judgment is prohibited by MCR 6.502(G).

KELLY, C.J. (*dissenting*)

In 1991, defendant shot and killed two victims. With respect to each killing, he pleaded guilty of second-degree murder. Both pleas involved a sentence agreement under which defendant would be sentenced to parolable life imprisonment.

At the plea hearing, his counsel stated, "I've advised [defendant] that the statute permits the Parole Board to consider him for [parole] at the end of ten years on this type of life sentence . . . ." Defendant later moved to withdraw his pleas, arguing that defense counsel had misled him concerning the likelihood that he could be paroled from his life sentences. The trial court denied the motion. The Court of Appeals affirmed, finding that defendant's pleas were freely, voluntarily, and understandingly made. This Court denied defendant's application for leave to appeal.[1]

Defendant then filed two unsuccessful motions for relief from judgment. This is defendant's third such motion. Although MCR 6.502(G)(1) states that a court must return without filing any successive motions for relief from judgment, MCR 6.502(G)(2)

---

[1] *People v Stovall*, 446 Mich 862 (1994).

provides an exception to that rule when a retroactive change in the law has occurred.

Defendant argues that, because the Michigan Parole Board has established a policy that "life in prison means life in prison," the trial judge and defense counsel operated under a misunderstanding of the law when he was sentenced. Thus, defendant claims that he is entitled to resentencing because he did not understand the consequences of his guilty plea. Furthermore, defendant claims that changes in the parole board's policy regarding life sentences that went into effect in 1992 and 1999 violate the Ex Post Facto Clause of the United States Constitution.[2]

Defendant relies on *Foster Bey v Rubitschun*,[3] a federal case in which United States District Judge Battani held that the parole board policy changes in question violated the Ex Post Facto Clause when retroactively applied to prisoners. Judge Battani noted that (1) the board's understanding of its ability to exercise its discretion in light of its changed policy, (2) its redefinition of the eligibility procedure for non-mandatory life sentences, and (3) the changes in the timing and intervals of the interview and review process have significantly disadvantaged prisoners with parolable life sentences.

This issue has been addressed by the Court of Appeals.[4] But this Court has never spoken on whether the changes in the parole board's policy constitute a violation of the Ex Post Facto Clause. The issue is jurisprudentially significant and a resolution of it by this Court is long overdue. Accordingly, the Court should grant defendant's application for leave to appeal to consider the issue presented in *Foster Bey* and hear this case along with *People v Washington*, ___ Mich ___ (Docket No. 137518, order entered May 8, 2009).

---

[2] US Const, art I, § 10, cl 1.

[3] *Foster Bey v Rubitschun*, 2007 LEXIS 95748 (ED Mich, 2007).

[4] *See People v Hill*, 267 Mich App 345 (2005).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 8, 2009

Clerk

p0505