# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 8, 2009

137518

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

LA SALLE WILLIE WASHINGTON,
      Defendant-Appellant.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 137518
COA: 284148
Wayne CC: 67-142555-FC

On order of the Court, the application for leave to appeal the August 29, 2008 order of the Court of Appeals is considered, and it is DENIED, because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D).

KELLY, C.J. (*dissenting*).

In 1967, defendant shot and killed the owner of a market. When a jury was unable to reach a verdict on the charged offense of first-degree felony murder, the trial court declared a mistrial. Several weeks later, defendant pleaded guilty of second-degree murder. He was sentenced to a parolable term of life imprisonment.

Defendant did not file a direct appeal. However, he later moved to withdraw his guilty plea because the trial court had failed to advise him that he had the right to testify at trial. The trial court denied the motion, and the Court of Appeals denied leave to appeal for lack of merit. This Court denied leave to appeal.[1]

Defendant filed this motion for relief from judgment in 2003. The trial court denied the motion. The Court of Appeals denied leave to appeal for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D).

---

[1] *People v Washington*, 390 Mich 786 (1973).

Defendant seeks relief from judgment because, after his sentence was pronounced, the Michigan Parole Board changed its policy on paroling convicts incarcerated for life sentences. The policy now is that "life means life," meaning those sentenced to life terms are ineligible for parole. At sentencing, defendant, the trial judge, and counsel believed that a person sentenced to parolable life became eligible to be considered for parole and could be paroled after 10 years of incarceration.

Thus, defendant claims that he is entitled to resentencing because he did not understand the consequences of his guilty plea. Furthermore, defendant claims that, because the parole board adopted the "life means life" policy after he was sentenced, the new policy, as applied to him, violates the Ex Post Facto Clause of the United States Constitution.[2]

Defendant relies on *Foster Bey v Rubitschun*,[3] a federal case in which United States District Judge Battani ruled that the changes in the parole board's policy violated the Ex Post Facto Clause when retroactively applied to prisoners. Judge Battani noted that (1) the board's understanding of its ability to exercise its discretion in light of its changed policies, (2) its redefinition of the eligibility procedure for non-mandatory life sentences, and (3) the changes in the timing and intervals of the interview and review process significantly disadvantaged prisoners with parolable life sentences.

This issue has been addressed by the Court of Appeals.[4] But this Court has never spoken on whether the changes in the parole board's policy constitute a violation of the Ex Post Facto Clause. The issue is jurisprudentially significant and a resolution of it by this Court is long overdue. Accordingly, the Court should grant defendant's application for leave to appeal to consider the issue presented in *Foster Bey* and hear this case along with *People v Stovall*, ___ Mich ___ (Docket No. 137326, order entered May 8, 2009).

---

[2] US Const, art I, § 10, cl 1.

[3] *Foster Bey v Rubitschun*, 2007 LEXIS 95748 (ED Mich, 2007).

[4] *See People v Hill*, 267 Mich App 345 (2005).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 8, 2009

_____
Clerk

s0505