*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

LORENZO J. HARRELL,

        Defendant-Appellee.

UNPUBLISHED
February 26, 2019

No.  339800
Wayne Circuit Court
LC No.  93-007172-01-FC

Before:  STEPHENS, P.J., and K. F. KELLY and TUKEL, JJ.

K. F. KELLY, J. (*dissenting*).

I respectfully dissent.  In light of the dismal and confusing state of the lower court record, I will assume that defendant did not raise a successive motion for relief from judgment. Nevertheless, even with that assumption in place, defendant failed to demonstrate "good cause" or "actual prejudice" and, accordingly, Judge Skutt erred in granting defendant's motion for relief from judgment and in re-sentencing defendant on his AWIM convictions.

MCR 6.508(D) provides, in relevant part:

The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion

\* \* \*

(3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates

(a) good cause for failure to raise such grounds on appeal or in the prior motion, and

(b) actual prejudice from the alleged irregularities that support the claim for relief.  As used in this subrule, "actual prejudice" means that,

* * *

> (*iv*) in the case of a challenge to the sentence, the sentence is invalid.
> [MCR 6.508(D)(3).]

Defendant must have demonstrated *both* good case for failing to raise the sentencing issue in his prior appeal *and* that his original sentence was invalid. He can do neither.

In addressing whether there was "good cause" to revisit his AWIM sentences, defendant notes that Judge Baxter deviated from the judicial sentencing guidelines of 120 to 300 months' imprisonment when she sentenced defendant to parolable life. Defendant argues that Judge Baxter's failure to articulate the reasons for such a departure was good cause to revisit sentencing on the AWIM offenses. However, in his motion, defendant acknowledged that "the grounds on which [defendant] now seeks relief have never been decided against him on the merits, and indeed, although the error *could have been potentially raised on appeal* from the conviction and sentence . . ." It is clear that whether Judge Baxter failed to exercise discretion when imposing sentences for the AWIM convictions that departed from the applicable judicial sentence guidelines is the sort of issue that could have been raised in defendant's original appeal. Justice Riley has noted:

> The circumstances under which a defendant may appeal under MCR 6.508(D) are narrowly limited when the defendant has already utilized the full gamut of the appellate process and is found wanting. Without such restrictions, the finality of judgments would be effectively undermined. The appellate process is not a game in which defendants should be afforded unlimited and unrestricted opportunities to attack convictions and sentences that were duly imposed years before. Once a defendant has been granted his day in court and his appeal by right, only under the most egregious circumstances should he be permitted to again attack the integrity of his conviction or sentence. [*People v Carpentier*, 446 Mich 19, 42; 521 NW2d 195 (1994).]

"Neither the guarantee of a fair trial nor a direct appeal entitles a defendant to as many attacks on a final conviction as ingenuity may devise." *People v Clark*, 274 Mich App 248, 253; 732 NW2d 605 (2007).

I am not persuaded that defendant was excused from raising the issue on appeal simply because of his subjective belief that it may have been "fruitless" or "moot." He points to this Court's decision in codefendant Sharp's appeal: "Because we do not find that Sharp's conviction for felony murder should be reversed, we need not consider his argument that he should be resentenced on the remaining counts." *People v Harrell*, unpublished per curiam opinion of the Court of Appeals, issued August 16, 1996 (Docket Nos. 171615 and 172276), p 3. That opinion could not form the basis for defendant's failure to raise the issue because, by necessity, the opinion came after briefing. Therefore, it could not serve as a basis for claiming that an appeal on the AWIM sentences would have been futile or moot. In fact, it does just the opposite. This Court's prior opinion supports my belief that defendant should have raised the sentencing issue in his original appeal. At the time defendant was sentenced, the judicial guidelines were in effect. Judges were not required to sentence within the guidelines but were

expected to articulate the reasons for departure *in order to facilitate appellate review* to determine whether a defendant's sentence was proportionate. Defendant, had he truly believed his AWIM sentences were disproportionate, should have raised the issue in his original appeal, as did his codefendant Sharp. As the prosecutor noted, defendant raises no legal or procedural basis that allows for the resurrection of a dormant claim. That is, unlike the change in law that entitled defendant to resentencing on his murder conviction, the legal and factual support for an attack on Judge Baxter's sentencing decision remains unchanged. Any alleged error in failing to articulate a basis for departing from the judicial guidelines was obvious from the date of that sentence.

Even if I accepted that good cause existed, defendant fails to demonstrate actual prejudice. That is, defendant cannot demonstrate that his AWIM sentences are *invalid*.

After accurately stating the court rule, which clearly sets forth the definition of "actual prejudice," the majority concludes:

> With regard to the actual prejudice prong, we note that, despite requesting the transcript of defendant's original 1993 sentencing hearing, this Court has not been provided it. Thus, there is nothing for us to review to assess the trial court's conclusion that the original sentencing judge failed to exercise discretion when she imposed a parolable life sentence. Without anything to challenge or assess the trial court's interpretation of the original sentencing transcript, we are incapable of disturbing it, as it is impossible for us to reach "a definite and firm conviction that a mistake has been made."

The majority continues: "[t]hus, the only reviewable issue on appeal is whether defendant properly established good cause to support his failure to raise the argument prior to his motion for relief from judgment." The majority ultimately speculates that "a reasonable interpretation of the trial court's ruling was that good cause was established by the sentencing judge's lack of exercise of discretion *based upon* her belief that defendant would spend his natural life in prison." In essence, the majority conflates "good cause" and "actual prejudice" and then exacerbates the error by *guessing* that defendant's sentence to a term of years for the greater offense would have influenced the original sentencing court's decision to sentence defendant to life with the possibility of parole on the lesser offense. In other words, according to the majority, defendant's sentence on the lesser offense "didn't matter until it did."

This speculative analysis directly conflicts with our Court's decision in *People v Williams,* ___ Mich App ___; ___ NW2d ___ (Docket No. 339701, approved for publication November 29, 2018). In *Williams*, the defendant, a juvenile, was sentenced to mandatory life without parole for first-degree murder and life with the possibility of parole for second-degree murder. After the *Miller* and *Montgomery* decisions, the prosecutor filed a notice that it would seek a term of years sentence for defendant's first-degree murder conviction. The defendant later filed a motion for relief from judgment, arguing that he was also entitled to be resentenced on his second-degree murder conviction. The trial court agreed. *Williams*, at slip op, pp 1-2. We reversed. The Court was not asked to address whether the defendant had established "good cause" for failing to raise the issue. Therefore, "[t]he only issue before [the Court was] whether

defendant established the second prong of the analysis: actual prejudice in the form of an *invalid sentence.*" *Williams*, at slip op, p 3 (emphasis in original).

*Williams* first concluded that nothing in *Miller* or *Montgomery* compelled a finding that the invalidation of one sentence necessarily invalidated the remaining sentences. *Williams* explained: "*Miller* and *Montgomery* guarantee that defendants convicted as juveniles are afforded 'some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.'" *Williams*, slip op, p 4. *Williams* concluded that the defendant's life with the possibility of parole sentence:

> satisfied *Miller*'s mandate. Defendant once served a sentence of life without the possibility of parole, but is now eligible for parole on each of his sentences. Stated differently, defendant has been granted a meaningful opportunity to obtain release . . . on his sentences for first- and second-degree murder. And because defendant has some meaningful opportunity to obtain release on his sentence of life with the possibility of parole, that sentence was not invalid under *Miller*. [*Williams*, slip op, p 4.]

*Williams* added: "Defendant is not entitled to eventual freedom, only a meaningful opportunity to obtain it." *Id.*

Next, *Williams* addressed whether defendant's life sentence was based upon inaccurate information or a misconception of the law. We noted:

> Defendant premises his argument on the original sentencing court's mistaken belief that defendant's first-degree murder conviction mandated a sentence of life without parole and that defendant would spend the rest of his life in prison. Defendant reasons that, because of this mistaken belief, the trial court necessarily gave less thoughtful consideration to defendant's sentence for second-degree murder. *The glaring problem with this argument is that it is purely speculative.* Defendant provides no argument grounded in fact to support that his sentence for first-degree murder had any impact on his sentence for second-degree murder. [*Williams*, slip op, p 5 (emphasis added).]

Finally, in *Williams*, we rejected the trial court's belief that because the defendant's life without parole sentence was invalidated, the trial court was obligated to resentence the defendant on all convictions:

> In Michigan, "trial courts ordinarily lack the authority to set aside a valid sentence." *People v Comer*, 500 Mich 278, 295 n 40; 901 NW2d 553 (2017). The trial court relied on *People v Jackson*, 487 Mich 783, 793-794; 790 NW2d 340 (2010), for the contention that "where there are multiple counts within a single judgment of sentence and one or more counts are reversed (or in this case resentencing to a term of years) a Defendant must be resentenced on the remaining counts." *Jackson* made no such holding, and it in no way suggests that trial courts may alter otherwise valid sentences. The trial court's reliance on the case was therefore misplaced.

On appeal, defendant relies upon *United States v Tucker*, 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972), superseded by statute on other grounds as stated in *United States Irey*, 612 F3d 1160, 1180-1181 (CA 11, 2010), and *People v Moore*, 391 Mich 426; 216 NW2d 770 (1974), in support of the trial court's conclusion that, where a defendant is entitled to resentencing on one conviction, he is entitled to resentencing as to all other related convictions. In *Tucker*, however, it was found that the defendant's sentence for armed robbery was impacted by two previous convictions that were later found to be constitutionally invalid. *Tucker*, 404 US at 443-445, 448. Because the sentence was based upon invalid *convictions*, the sentence was invalid. *Id*. at 448. In *Moore*, again, the sentencing judge considered a prior conviction that was constitutionally invalid when it sentenced the defendant for possession of narcotics, and accordingly, the defendant was entitled to resentencing. *Moore*, 391 Mich at 439-440. Both cases dealt with sentences that contemplated invalid prior *convictions*, thus *invalidating* the sentences. Defendant employs these cases to argue that one invalid *sentence* in a judgment of sentence invalidates all other sentences in that judgment of sentence, but the cases do not support that contention and, therefore, the argument is without merit. Defendant has thus failed to establish that the trial court had authority to set aside his valid sentence for second-degree murder. [*Williams*, slip op, pp 5-6.]

Here, defendant fails to demonstrate that his original sentence was invalid. He speculates that Judge Baxter would have given more thoughtful consideration to his remaining sentences had she been aware that a term of years sentence was possible for first-degree murder. But, as *Williams* holds, this is pure speculation. Granted, the *Williams* Court had the benefit of the sentencing transcript while we do not, but that does nothing to change the speculative nature of defendant's position. Moreover, when defendant was originally sentenced to parolable life the Michigan Parole Board had not yet implemented its "life means life" policy and defendant would have been considered for parole after 10 years of incarceration. See *People v Washington*, 483 Mich 1005; 764 NW2d 785 (2009) (KELLY, C.J., dissenting). It could be that Judge Baxter believed that, in sentencing defendant to parolable life, he would have been eligible for parole sooner than a term of years sentence would have allowed. Of course, all of this is speculation, which *Williams* prohibits.

Nor am I persuaded by defense counsel's reference to the Michigan Supreme Court order in *People v Gunn*, (Docket No. 156962). The order provides:

The trial court erred by finding that it did not have the authority to review the defendant's sentence for second-degree arson. When the defendant was originally sentenced, the probation department calculated her guidelines only for the higher crime class offense of placing explosives on or near property, MCL 750.207(2)(b), and not for second-degree arson, MCL 750.73(1). The trial court sentenced the defendant to 15 years for both crimes, which was a departure sentence for the arson offense, but it had no practical effect in light of the sentence for placing explosives on or near property. The trial court acknowledged this by stating that the arson sentence was "really based on" the higher class sentence. After the defendant was resentenced in 2016 and her sentence for

placing explosives on or near property was reduced, the departure sentence for arson was no longer inconsequential. The arson sentence, being based on a higher class crime offense sentence that had been significantly reduced, was invalid because it was based on inaccurate information, and the trial court had the authority to resentence the defendant on that count. [*People v Gunn*, ___ Mich ___; 919 NW2d 402 (2018).]

At first blush, *Gunn* lends support to defendant's position. But, one critical difference is that the sentence in *Gunn* was invalidated because the judgment of conviction listed the wrong *conviction*. The trial court sentenced the defendant under the mistaken believe that she had been convicted of placing an explosive near property when, in fact, she was convicted of placing an offensive or injurious substance in or near real property. *People v Gunn*, unpublished per curiam opinion of the Court of Appeals, issued November 21, 2017 (Docket No. 333317), rev'd in part, vacated in part 919 NW2d 402 (2018). In a dissent, Judge Gleicher explained:

> When Gunn was first sentenced in 2013, the probation department calculated her sentencing guidelines only for the higher crime class offense, placing explosives on or near property, MCL 750.207(2)(b), and not for second-degree arson, MCL 750.73(1). The trial court selected the same minimum sentence for both crimes (15 years), which amounted to a departure sentence for Gunn's arson offense. Since Gunn would serve the longer sentence anyway, the departure made no practical difference; any error in imposing it was harmless. But when the trial court resentenced Gunn in 2016 and reduced her sentence for the higher crime class offense, the departure sentence for arson was harmless no more. [*Id.* at unpub op, p 4.]

Here, there was no error regarding defendant's conviction; instead, there was a change in law necessitating that defendant be resentenced on the murder conviction. As it stands, *Williams* controls and *Gunn* is inapplicable.

I would hold that defendant failed to demonstrate "good cause" for failing to raise the issue in his original appeal and failed to demonstrate "actual prejudice" in the form of an invalid sentence.

/s/ Kirsten Frank Kelly