PEOPLE v CLARK

Docket No. 265776. Submitted February 7, 2007, at Detroit. Decided
    February 13, 2007, at 9:00 a.m. Leave to appeal denied, 479 Mich
    ___.

Paul Clark was tried and convicted by a jury in the Wayne Circuit
    Court of felony murder, MCL 750.316(1)(b), and possession of a
    firearm during the commission of a felony, MCL 750.227b. After
    the Court of Appeals affirmed the defendant's conviction, he filed
    two separate motions for relief from judgment, both of which were
    denied. The defendant then filed a third motion for relief from
    judgment, claiming instructional error and ineffective assistance
    of counsel, neither of which grounds had been argued in the
    previous motions. The trial court, Gregory D. Bill, J., granted the
    motion, and the prosecution appealed.

    The Court of Appeals *held*:

    1. MCR 6.508(D), which governs motions for relief from judg-
    ment, requires a defendant, when raising a new ground for relief,
    to show good cause for failing to raise that ground on appeal or in
    a prior motion. The word "or," while generally disjunctive, is
    frequently misused to mean "and"; therefore, the court rule is
    ambiguous. Were the rule to be construed to require a showing of
    good cause in either an appeal or a prior motion for relief from
    judgment, regardless of whether both were filed, a defendant could
    always avoid the good-cause requirement simply by filing both.
    Therefore, the defendant was required to show good cause for not
    raising the claim in both his appeal and in his prior motions. The
    fact that the defendant filed his prior motions for relief from
    judgment *in propria persona* does not relieve him of complying
    with the good-cause requirement because there is no exception in
    the text of the court rule for defendants who represent themselves.

    2. The trial court erred in ruling that the defendant fulfilled
    the requirement of showing actual prejudice because his claim of
    instructional error was wholly without merit, as was the claim of
    ineffective assistance of counsel that was based on counsel's
    failure to object to the instructions.

    Affirmed.

1. CRIMINAL LAW — RELIEF FROM JUDGMENT OF CONVICTION — GOOD-CAUSE REQUIREMENT.

> To obtain relief from judgment on a ground that has not been previously asserted, a criminal defendant must show good cause for not having raised that ground in both the appeal and in any previous motions for relief from judgment (MCR 6.508[D][3]).

2. CRIMINAL LAW — RELIEF FROM JUDGMENT OF CONVICTION — GOOD-CAUSE REQUIREMENT — PRO SE DEFENDANTS.

> There is no exception from the requirement to show good cause for failing to raise a ground for relief from judgment in a previous appeal or motion for defendants proceeding *in propria persona* (MCR 6.508[D][3]).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Kym L. Worthy*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Thomas M. Chambers*, Assistant Prosecuting Attorney, for the people.

*Adil Haradhvala* for the defendant.

Before: KELLY, P.J., and DAVIS and SERVITTO, JJ.

KELLY, P.J. The prosecution appeals by leave granted the trial court's order granting defendant's motion for relief from judgment pursuant to MCR 6.508(D)(3). We reverse.

## I. FACTS

This case arises from the armed robbery and shooting of a 55-year-old man in 1987. Defendant was charged with felony murder, MCL 750.316(1)(b), and possession of a firearm during the commission of a felony, MCL 750.227b, for which he was convicted and received a sentence of life in prison and two years in prison. On appeal as of right, this Court affirmed defendant's conviction. Subsequently, defendant ap-

peared *in propria persona* and filed two separate motions for relief from judgment, which the trial court denied in turn. It is undisputed that defendant never asserted that his jury instructions were improper in his appeal or in either motion for relief from judgment.

Later, defendant filed a third motion for relief from judgment in which he argued for the first time that the trial court failed to properly instruct the jury on the elements of the necessarily included offense of second-degree murder and that counsel rendered ineffective assistance by failure to object to the instructions given.[1] At the hearing on this motion, the trial court found that the instructions were inadequate and that defendant suffered actual prejudice because, if properly instructed, the jury could have found him guilty of a lesser offense. The prosecution argued that defendant was required to show good cause, under MCR 6.508(D)(3), for not raising these claims in his prior appeal and motions for relief from judgment. The trial court ruled that defendant fulfilled the good cause requirement because his trial and appellate counsel were ineffective for failing to raise the instructional issue before. The prosecution then argued that defendant was also required to show good cause for not raising the instructional issue in his two prior motions for relief from judgment filed *in propria persona*. But defendant argued, "Judge, I don't think you have to rule on that. He's asking you to rule on a negative. I think if you adopt the arguments that I made that that's sufficient for the record." Agreeing with defendant, the trial court granted defendant's motion.

---

[1] Defendant raised other issues, but the trial court denied the motion with respect to those issues. Defendant has not cross-appealed that denial.

II. ANALYSIS

The prosecution contends that the trial court erred in granting defendant's motion for relief from judgment pursuant to MCR 6.508(D)(3). We agree. "It is well established that we review a trial court's grant of relief from judgment for an abuse of discretion and that we review a trial court's findings of fact supporting its ruling for clear error." *People v McSwain*, 259 Mich App 654, 681; 676 NW2d 236 (2003). "The interpretation of Court rules is a question of law that this Court reviews de novo." *People v Walters*, 266 Mich App 341, 346; 700 NW2d 424 (2005).

A. GOOD CAUSE

The first issue we must address is whether MCR 6.508(D)(3) requires a defendant, who has filed both an appeal and prior motions for relief from judgment and asserts a new claim in a subsequent motion for relief from judgment, to show good cause for not raising the claim in both the appeal and his or her prior motions. We hold that it does.

MCL 6.508(D) provides in pertinent part:

> The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion
>
> (1) seeks relief from a judgment of conviction and sentence that still is subject to challenge on appeal pursuant to subchapter 7.200 or subchapter 7.300;
>
> (2) alleges grounds for relief which were decided against the defendant in a prior appeal or proceeding under this subchapter, unless the defendant establishes that a retroactive change in the law has undermined the prior decision;
>
> (3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the

conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates

(a) *good cause for failure to raise such grounds on appeal or in the prior motion,* and

(b) actual prejudice from the alleged irregularities that support the claim for relief. As used in this subrule, "actual prejudice" means that,

(i) in a conviction following a trial, but for the alleged error, the defendant would have had a reasonably likely chance of acquittal;

\* \* \*

The court may waive the "good cause" requirement of subrule (D)(3)(a) if it concludes that there is a significant possibility that the defendant is innocent of the crime. [Emphasis added.]

Resolution of this issue requires us to interpret the language of the court rule. "The same principles of statutory interpretation govern when interpreting and applying a court rule." *Walters, supra* at 346. "Statutory language should be construed reasonably, keeping in mind the purpose of the act." *People v Hock Shop, Inc,* 261 Mich App 521, 527-528; 681 NW2d 669 (2004). "Nothing should be read into a statute that is not within the manifest intention of the Legislature as derived from the language of the statute itself." *Id.* at 528. "The Legislature is presumed to be familiar with the rules of statutory construction, and when it is promulgating new laws it is presumed to be aware of the consequences of its use or omission of statutory language." *Id.* However, if statutory language is ambiguous, the court may go beyond the words of the statute to ascertain legislative intent. *People v Gatski,* 260 Mich App 360, 365; 677 NW2d 357 (2004). An

ambiguity may be found only if the language, as used in its particular context, has more than one common and accepted meaning. *Id.*

As in *Gatski,* the issue in this case focuses on the use of the word "or." In *Gatski,* this Court stated, "It is well-established that the word 'or' is often misused in statutes and it gives rise to an ambiguity in the statute because it can be read as meaning either 'and' or 'or.' " *Id.* This Court further cautioned that although "or" is generally a disjunctive term, "the popular use of the word is frequently inaccurate and this misuse has infected statutory enactments." *Id.* Because we agree that the term "or" in this case renders MCR 6.508(D)(3)(a) somewhat ambiguous, we are permitted to go beyond the words of the court rule to ascertain the intent of the drafter. See *id.*

Our Supreme Court, the drafter of the court rules, has held that "MCL 6.508 protects [against] unremedied manifest injustice, preserves professional independence, conserves judicial resources, and enhances the finality of judgments." *People v Reed,* 449 Mich 375, 378-79; 535 NW2d 496 (1995) (BOYLE, J.).[2] While discussing MCR 6.508, the Court stated, "Neither the guarantee of a fair trial nor a direct appeal entitles a defendant to as many attacks on a final conviction as ingenuity may devise." *Reed, supra* at 389-390.

Keeping in mind the purpose of MCR 6.508, we conclude that, in MCR 6.508(D)(3), the phrase "good cause for failure to raise such grounds on appeal or in a prior motion" requires a defendant to show good cause for failure to raise a claim in an appeal if one is filed, or in a prior motion if one is filed, or in both if both are filed. To conclude otherwise would impermissibly result

---

[2] Justices CAVANAGH and MALLETT concurred in this portion of Justice BOYLE's opinion, but dissented on other grounds.

in absurdity and frustrate the purpose of the rule. *Morris & Doherty, PC v Lockwood,* 259 Mich App 38, 44; 672 NW2d 884 (2003). If we were to read the rule to require a showing of good cause in either an appeal or a prior motion for relief from judgment, regardless of whether both were filed, defendants could always avoid the good-cause requirement simply by filing both.

Additionally, we note that the trial court, though not explicitly saying so, appeared to believe that if a defendant files a prior motion for relief from judgment *in propria persona,* he or she need not show just cause for failing to raise an issue in that motion. However, MCR 6.508(D)(3) makes no such exception. And, as stated above, "[n]othing should be read into a statute that is not within the manifest intention of the Legislature as derived from the language of the statute itself." *Hock Shop, supra* at 528. Because the court rule itself does not make an exception for motions filed *in propria persona,* we will not read one into the rule. Furthermore, it would frustrate the purpose of the rule to allow defendants acting without legal representation to file unchecked an unlimited number of motions for relief from judgment devising new bases for overturning their convictions. *Reed, supra* at 378-379, 389-390. Therefore, we conclude that regardless of whether a defendant files a prior motion *in propria persona* or with representation, he or she is required to fulfill the good cause requirement in MCR 6.508(D)(3).[3]

---

[3] In other words, if a defendant filed a prior motion for relief from judgment *in propria persona,* the good cause requirement is not waived, nor is there an automatic finding of good cause. Rather, the trial court may exercise its discretion in determining whether good cause exists under the circumstances of the particular case. However, the trial court must articulate on the record that it found good cause and identify what the good cause is.

We next apply MCR 6.508(D)(3)(a) to this case. Initially, we note that the trial court did not waive the "good cause" requirement by concluding that there was a "significant possibility that defendant [was] innocent of the crime." Accordingly, under the circumstances of this case, the trial court was required to apply MCR 6.508(D)(3). Defendant filed both an appeal and two prior motions for relief from judgment, but he failed to show good cause why he did not raise the instructional and ineffective assistance of counsel issues in his appeal of right *and* in his prior motions for relief. MCR 6.508(D)(3)(a); *Gatski, supra* at 366. The trial court erred in granting defendant's motion for relief from judgment without requiring defendant to show good cause for failing to raise the asserted claims in his appeal and his previous motions for relief from judgment.

### B. ACTUAL PREJUDICE

We will not remand for another "good cause" determination, however, because the trial court also erred in ruling that defendant fulfilled the other requirement of showing actual prejudice, MCR 6.508(D)(3)(b). Defendant cannot demonstrate actual prejudice because his claims of instructional error and ineffective assistance of counsel are wholly without merit.

"Claims of instructional error are reviewed de novo." *People v Milton,* 257 Mich App 467, 475; 668 NW2d 387 (2003).

> In reviewing claims of error in jury instructions, we examine the instructions in their entirety. Jury instructions must include all the elements of the charged offense and must not exclude material issues, defenses, and theories if the evidence supports them. Even if the instructions are imperfect, there is no error if they fairly represented

the issues to be tried and sufficiently protected the defendant's rights. [*Id.*; citations and punctuation omitted.]

Defendant was charged with first-degree felony murder. The trial court informed the jury that the court was required to provide an instruction on second-degree murder and that the jury had the option of finding defendant guilty of the lesser offense of second-degree murder, rather than the charged offense, if the evidence supported that finding.[4] The court further instructed the jury that to find defendant guilty of first-degree felony murder, the prosecution must establish that the deceased died from a gunshot wound caused by defendant with the required intent while he was committing or attempting to commit armed robbery. The trial court then instructed the jury on the elements necessary to support a showing of armed robbery. When the court instructed the jury on second-degree murder, it stated:

> The difference between first-degree felony murder and second-degree murder is that for second-degree murder the defendant need not have been attempting to commit armed robbery. In other words, the felony isn't there. That causes the distinction between first-degree felony murder and second-degree murder. You may consider the nature of the underlying felony of armed robbery and the circumstances surrounding its commission but the concept of malice which is necessary for first degree murder cannot be found simply from an intent to commit the armed robbery. Malice can be found if you are satisfied there was an intent to kill or the intent to do great bodily harm or wanton and willful disregard of the likelihood that the natural tendency of one's behavior would cause death or great bodily harm. That's left to you to draw, if possible, from the circumstances available to you.

---

[4] It is undisputed that at the time of his trial and conviction, *People v Jenkins*, 395 Mich 440, 442; 236 NW2d 503 (1975), rev'd *People v Cornell*, 466 Mich 335, was in effect and required that a second-degree murder jury instruction be given in first-degree murder cases.

> Now because there are two—in count one there's a charge of felony murder and a lesser offense, I want to make sure that you appreciate that you have to make—after you give consideration of the greater offense, you can turn to the lesser offense either if you find the defendant not guilty of the greater or if you're unable to agree on whether the defendant is guilty of the greater or not guilty. In other words, it's for you to decide if, having failed to reach an agreement on guilt or innocence of the greater, you want to spend more time in trying to reach a unanimous decision or you want to turn to the lesser offense of second degree. In other words, there is no order of deliberations just because it's called lesser offense or something of that nature.

The instruction comports with our Supreme Court's statement of the law in *People v Carter*, 395 Mich 434, 437-438; 236 NW2d 500 (1975):

> [T]here are lesser included offenses to first-degree felony-murder. Second-degree murder is always a lesser included offense of first-degree murder. First-degree murder is second-degree (common law) murder *plus* an element, *viz.*, either premeditation or the perpetration or attempt to perpetrate an enumerated felony. Conversely, second-degree murder is first-degree murder *minus* premeditation or the enumerated felony. [Citation omitted.]

Thus, although the second-degree murder instruction the trial court gave was short, read in context, it was correct and adequately set forth the elements of first-degree felony murder and second-degree murder. Even if the trial court's instructions were somewhat imperfect, they fairly presented the applicable law, and sufficiently protected defendant's rights. Because "[c]ounsel is not ineffective for failing 'to advocate a meritless position,' " *People v Mack,* 265 Mich App 122, 130; 695 NW2d 342 (2005), quoting *People v Snider,* 239 Mich App 393, 425; 608 NW2d 502 (2000), defense counsel was not constitutionally ineffective for failing to object

to the jury instructions given. Therefore, defendant cannot demonstrate any error, let alone an error that caused him actual prejudice.

Because defendant failed to show both good cause for not raising his claim of instructional error in both his appeal and his prior motions for relief from judgment and failed to show actual prejudice, the trial court erred in granting his motion for relief from judgment.

Reversed.