*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BRIAN P. CARRIER,

        Defendant-Appellant.

UNPUBLISHED
May 7, 2020

No. 345945
Kent Circuit Court
LC No. 15-003801-FC

Before: MARKEY, P.J., and JANSEN and BOONSTRA, JJ.

JANSEN, J. (*dissenting*).

I respectfully dissent.

In this case, defendant pleaded guilty to CSC-I for sexually penetrating a minor under the age of 13. Defendant later moved for relief from judgment under MCR 6.500 *et seq.*, claiming that he was entitled to withdraw his plea because the trial court failed to inform him at the plea hearing that he would have to register as a sex offender for the rest of his life, thereby, rendering his plea not understanding and involuntary. In the alternative, defendant argued that defense counsel was ineffective for not advising him that he would have to register as a sex offender as a consequence of his plea. The trial court found that defendant failed to establish "good cause" to revisit his plea-based conviction, and thus denied defendant's motion. This appeal followed.

A trial court's ruling on a motion for relief from judgment is reviewed for an abuse of discretion and its findings of fact for clear error. *People v Clark*, 274 Mich App 248, 251; 732 NW2d 605 (2007). "A trial court's decision whether to hold an evidentiary hearing is reviewed for an abuse of discretion." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *Id*.

A defendant may file a motion to withdraw from a plea within six months after sentencing. MCR 6.310(C)(1). If a defendant fails to pursue an appeal as of right within this time frame, then a defendant's convictions are reviewable only in accordance with the post judgment procedures

set forth in MCR 6.501.[1]  MCR 6.310(C)(3).  According to MCR 6.508(D), "[t]he defendant has the burden of establishing entitlement to the relief requested."  Further, MCR 6.508(D), in pertinent part, states that relief may not be granted to a defendant if the motion:

> (3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates
>
> (a) good cause for failure to raise such grounds on appeal or in the prior motion, and
>
> (b) actual prejudice from the alleged irregularities that support the claim for relief.  As used in this subrule, "actual prejudice" means that,
>
> \* \* \*
>
> (*ii*) in a conviction entered on a plea of guilty, guilty but mentally ill, or nolo contendere, the defect in the proceedings was such that it renders the plea an involuntary one to a degree that it would be manifestly unjust to allow the conviction to stand;
>
> \* \* \*
>
> The court may waive the "good cause" requirement of subrule (D)(3)(a) if it concludes that there is a significant possibility that the defendant is innocent of the crime [2]

Stated differently, "MCR 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion alleges grounds for relief that could have been previously raised, unless the defendant demonstrates both good cause for failing to raise such grounds earlier as well as actual prejudice." *People v Johnson*, 502 Mich 541, 565; 918 NW2d 676 (2018).

In this case, defendant asserted that there were defects in the plea proceeding that rendered his plea involuntary and unknowing.  Defendant alleged that the trial court failed to inform him that a consequence of pleading guilty to CSC-I was that he would have to register as a sex offender for the rest of his life.  Defendant argues that this failure rendered his plea unknowingly and involuntarily made.

This Court has held that "[t]he failure to accurately inform a defendant of the consequences of his or her plea can lead to a defect in the plea-taking process because the defendant may not

---

[1] MCR 6.501 states that "unless otherwise specified by these rules, a judgment of conviction and sentence entered by the circuit court not subject to appellate review under subchapters 7.200 or 7.300 may be reviewed only in accordance with the provisions of this subchapter."

[2] Defendant claims only that he did not know how old IME was at the time the sexual intercourse occurred; not that he did not partake in it.  Therefore, this latter section is inapplicable.

have been capable of making an understanding plea." *People v Coleman*, 327 Mich App 430, 443; __ NW2d __ (2019). "[T]he Due Process Clause of the Fourteenth Amendment requires that the plea . . . 'not only . . . be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.' " *People v Cole*, 491 Mich 325, 332-33; 817 NW2d 497 (2012), quoting *Brady v United States*, 397 US 742, 748; 90 S Ct 1463; 25 L Ed 2d 747 (1970). "[A] defendant entering a plea must be 'fully aware of the direct consequences' of the plea." *Cole*, 491 Mich at 333, quoting *Brady*, 397 US at 755. This Court has specifically held that "[t]he failure to inform a pleading defendant that the plea will necessarily require registration as a sex offender affects whether the plea was knowingly made." *People v Fonville*, 291 Mich App 363, 392; 804 NW2d 878 (2011).

In the trial court's opinion and order denying defendant's motion for relief from judgment, the trial court admitted that the sex offender registration requirement was not raised during the plea proceeding, nor the sentencing hearing. However, the trial court indicated that even a cursory review of the information handed to defendant, the presentence materials, and the judgment of sentence, along with the lifetime electronic monitoring that was discussed at the plea proceeding and sentencing hearing, would have alerted defendant to the sex offender registration requirement.

I would conclude that regardless of how cursory of a review was required by defendant to alert him of the sex-offender-registry requirement, the trial court failed to ensure that defendant was accurately informed—during the plea-taking process—of the consequences of his plea, and therefore, defendant was not able to make an understanding plea. See *Coleman*, 327 Mich App at 443; see *Fonville*, 291 Mich App at 392. Accordingly, defendant did not enter the plea understanding, voluntary, and accurately. MCR 6.302(A).[3] Pursuant to MCR 6.310(C), when an error in the plea proceeding occurs, a "defendant [has] the opportunity to elect to allow the plea and sentence to stand or to withdraw the plea." MCR 6.310(C)(4).

Defendant also alleges that his defense counsel was ineffective because counsel did not inform him of the sex offender registration requirement, and therefore his plea was not knowingly made. See *Fonville*, 291 Mich App at 394. Defendant asserts that this failure to inform by defense counsel rendering his plea unknowingly made, along with defense counsel informing him that he did not have grounds to withdraw or otherwise appeal his conviction, meets the good-cause and actual prejudice requirements under MRE 6.508(D)(3)(a).

Our Supreme Court has held that "MCR 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion alleges grounds for relief that could have been previously raised, unless the defendant demonstrates both good cause for failing to raise such grounds earlier as well as actual prejudice." *Johnson*, 502 Mich at 565. "[G]ood cause can be established by proving ineffective assistance of counsel." *People v Swain*, 288 Mich App 609, 631; 794 NW2d 92 (2010).

---

[3] MCR 6.302 governs pleas of guilty and nolo contender and states, in pertinent part, "[t]he court may not accept a plea of guilty or nolo contendere unless it is convinced that the plea is understanding, voluntary, and accurate."

"The failure to inform a pleading defendant that the plea will necessarily require registration as a sex offender affects whether the plea was knowingly made." *Fonville*, 291 Mich App at 392. In cases where sex offender registration is required, to satisfy a defense counsel's duty to act as constitutionally competent counsel, counsel must clearly advise a defendant of the sex-offender-registration requirement. *Id*. at 394. Where defense counsel fails to inform a defendant of the sex-offender-registration requirement, defense counsel's performance is held to be constitutionally defective. *Id*. at 395.

In support of his motion for relief from judgment, defendant provided the trial court with two affidavits stating that he did not know that he would be required to register as a sex offender until he conducted his own legal research in prison, and that his trial attorney informed him that he did not have grounds for appeal. In my view, these signed affidavits by defendant *demonstrated* a good cause for his failure to raise his motion for relief from judgment earlier, see *Johnson*, 502 Mich at 565, but does not necessarily *prove* ineffective assistance of counsel, see *Swain*, 288 Mich App at 631. I would conclude that other than defendant's affidavits, defendant's alleged ineffectiveness of counsel claim is unsubstantiated; there is no record other than defendant's claim that he was not informed by counsel of the sex-offender-registration requirement or that he was told that he did not have grounds for an appeal.

Thus, I believe there remains a question as to whether defense counsel rendered effective assistance, and at a minimum, an evidentiary hearing should be held to resolve the dispute. See *People v Thew*, 201 Mich App 78, 96-97; 506 NW 2d 547 (1993). The resolution of this dispute would determine whether defendant meets the good-cause requirement to prove the ineffective assistance of counsel needed under MCR 6.508(D)(3). See *Swain*, 288 Mich App at 631.

Regarding defendant's claim of actual prejudice, Michigan jurisprudence has established that actual prejudice may result from an involuntary plea agreement. MCR 6.508(D)(3)(b)(*ii*). "The court may not accept a plea of guilty . . . unless it is convinced that the plea is understanding, voluntary, and accurate." MCR 6.302(A). The record in this case is clear that defendant was not made aware of the sex-offender-registration requirement by the trial court, and therefore, did not enter his plea understandingly, voluntarily, and accurately. See *id*. Accordingly, I would conclude that defendant has demonstrated actual prejudice.

I would vacate the trial court's denial of defendant's motion for relief from judgment and remand for an evidentiary hearing regarding good cause.


/s/ Kathleen Jansen

-4-