*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

AARON JAMES MILLER,

        Defendant-Appellant.

UNPUBLISHED
July 21, 2022

No. 356408
Gratiot Circuit Court
LC No. 04-004842-FH

Before: MARKEY, P.J., and BOONSTRA and RIORDAN, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] the trial court's order denying his motion for relief from judgment. We affirm.

## I. BASIC FACTS

This case arises out of defendant's guilty plea, in 2005, to two counts of third-degree criminal sexual conduct, MCL 750.520d(1)(a) (victim at least 13 but less than 16 years old). The trial court sentenced defendant to serve 3½ to 15 years in prison. It is not clear from the record on what date defendant registered under the Sex Offender Registration Act (SORA), MCL 28.721 *et seq.*, and the parties simply state in various documents that he was required to register after his 2005 convictions. He currently appears on the registry's website.

In January 2012, defendant was sentenced to serve 76 days in jail for the misdemeanor of attempted failure to comply with sex-offender reporting duties. In November 2016, defendant was convicted of stalking, and subsequently sentenced to serve 12 months in jail.

---

[1] *People v Miller*, unpublished order of the Court of Appeals, entered May 6, 2021 (Docket No. 356408).

In 2017, defendant was convicted of, and sentenced for, aggravated indecent exposure, MCL 750.335a(2)(b), and being a sexually deviant person, MCL 750.335a(2)(c). As the result of attendant appellate proceedings, the trial court dismissed the conviction of sexual deviancy and resentenced defendant to serve 34 months to 15 years' imprisonment for the remaining conviction.[2]

In 2020, defendant filed a motion for relief from judgment in the trial court concerning his 2005 convictions. Arguing that the retroactive application of the 2011 SORA amendments, 2011 PA 17 and 18, violated due process, he urged the trial court to vacate his 2005 plea-based convictions, allow him to withdraw that plea, and proceed to trial on the original charges. Defendant maintained that, when he entered his plea, SORA required annual registration of his home address and nothing more. Defendant asserted that he would not have offered the plea if he had known that SORA would later set geographic limits on his movements and require extensive in-person reporting and fees. Defendant also argued that these changes to SORA constituted an increase in punishment and should not have been applied retroactively to him because doing so was an ex post facto violation.

The prosecution responded that whether the 2011 SORA amendments constituted an increase in punishment was of no consequence because defendant committed another felony in 2017, thus subjecting himself to the 2011 amendments by operation of their recapture provision, MCL 28.723(1)(e).[3] The prosecution alternatively argued that, even if an ex post facto violation occurred, the proper remedy was to vacate the portion of the penalty attributable to the violation, not plea withdrawal. The prosecution further maintained that defendant "constructively waived" his argument by waiting nine years to raise objections to application of the 2011 amendments, and the prosecution would be prejudiced by the delay if it was forced to gather witnesses in relation to an offense that occurred 15 years earlier.

The trial court ruled that defendant had not established an ex post facto violation and denied the motion for relief from judgment. The trial court concluded that the key issue was whether the 2011 SORA amendments increased defendant's punishment. The trial court explained as follows:

> Defendant waited nine years to raise this issue and in the interim, over three years ago, he was convicted of a new felony offense, which subjects him to the "recapture" provision of the 2011 SORA amendment, MCL 28.723(1)(e). This means that this Court does not need to wade into the waters of whether or not the amendment, or even registration generally, would have been punitive as applied to the Defendant because his registration requirements now stem from his 2017 conviction and the recapture provision.

---

[2] In May 2022, this Court affirmed his sentence. *People v Miller*, unpublished per curiam opinion of the Court of Appeals, issued May 19, 2022 (Docket No. 354611).

[3] Recently, in *People v Klinesmith*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 340938); slip op at 1, we concluded that the recapture provision remained valid in light of *People v Betts*, 507 Mich 527; 968 NW2d 497 (2021).

The trial court further concluded that, even if defendant had made a persuasive ex post facto claim, the relief requested—to withdraw his plea—was nevertheless inappropriate, because the "remedy for an ex post facto violation is to vacate the portion of the penalty which is attributable to the violation. Therefore, . . . Defendant's remedy would be an injunction against the amendments applying to him from the 2005 conviction."

## II. ANALYSIS

Defendant argues that he is entitled to withdraw his 2005 guilty plea on the ground that it was not knowingly and voluntarily entered, given that he was unaware of the 2011 SORA amendments when the plea was entered.[4] We disagree.

This Court reviews a denial of a motion for relief from judgment for an abuse of discretion. *People v Ulman*, 244 Mich App 500, 508; 625 NW2d 429 (2001). An abuse of discretion occurs when the result falls outside the range of reasonable and principled outcomes. *People v Meeker*, ___ Mich App ___; ___NW2d ___ (2022) (Docket No. 355046); slip op at 2. "The construction and application of SORA presents a question of law that we review de novo." *People v Golba*, 273 Mich App 603, 605; 729 NW2d 916 (2007).

Historically, Michigan courts treated *Smith v Doe*, 538 US 84; 123 S Ct 1140; 155 L Ed 2d 164 (2003), which involved an Alaska sex-offender registry statute, as "the preeminent case holding that a sex offender registration and notification law, as applied to an adult defendant, is not a form of punishment." *People v Tucker*, 312 Mich App 645, 661; 879 NW2d 906 (2015) (quotation marks and citation omitted). In *Tucker*, this Court concluded that certain SORA amendments, including "the student safety zones and in-person reporting requirements . . . do not constitute punishment." *Id.* at 683.

In his motion for relief from judgment and his application for leave to appeal in this Court, defendant relied upon a string of federal cases addressing SORA. In *People v Betts*, 507 Mich 527; 968 NW2d 497 (2021), our Supreme Court summarized the pertinent federal cases as follows:

> [T]he United States Court of Appeals for the Sixth Circuit . . . [concluded] that the retroactive application of the 2011 SORA did violate constitutional ex post facto provisions. (*Does I*). It reasoned that the cumulative punitive effects of the 2011 SORA outweighed the nonpunitive intent of the Legislature such that the retroactive application of the 2011 SORA constituted the retroactive application of punishment in violation of the federal Constitution. . . .

---

[4] In his appellate brief, defendant also argues that SORA, as amended by 2020 PA 295, effective March 24, 2021, cannot apply to him because doing so would constitute an ex post facto violation. However, our order granting his application for leave to appeal was "limited to the issues raised in the application." *People v Miller*, unpublished order of the Court of Appeals, entered May 6, 2021 (Docket No. 356408). Defendant did not raise the applicability of the recent SORA amendments in his application, nor did he move to add that issue afterwards. We therefore do not consider this issue.

Shortly after the Sixth Circuit's decision in *Does I*, six other plaintiffs filed a class-action complaint in the federal district court challenging the constitutionality of the 2011 SORA on the same grounds raised by the *Does I* plaintiffs. These plaintiffs also noted that although the *Does I* plaintiffs had received a favorable ruling from the Sixth Circuit on their ex post facto challenge, the state of Michigan had continued to enforce the 2011 SORA against all SORA registrants. Ultimately, the district court ruled for the plaintiffs and entered an order permanently enjoining the state of Michigan from enforcing the unconstitutional provisions of the 2011 SORA identified in *Does I* against any registrant and from enforcing the 2011 SORA retroactively. (*Does II*). In so doing, the district court rejected the possibility that portions of the 2011 SORA or an earlier version of SORA could be constitutionally applied retroactively. The district court also rejected the defendants' request to certify these issues to this Court. [*Betts*, 507 Mich at 539-540 (citations and footnote omitted).]

In his brief on appeal, defendant adds to his argument by citing *Betts*, in which our Supreme Court weighed factors from *Kennedy v Mendoza-Martinez*, 372 US 144, 168-169; 83 S Ct 554; 9 L Ed 2d 644 (1963), for purposes of an ex post facto analysis, to determine "whether the statutory scheme [of the 2011 SORA] is so punitive either in purpose or effect as to negate the State's intention to deem it civil." *Betts*, 507 Mich at 549 (quotation marks and citation omitted). The Court answered that question in the affirmative, holding that retroactive application of the 2011 SORA amendments is unconstitutional. *Id.* at 562. It further explained that the unconstitutional portions of the 2011 amendments could not be severed in order to maintain the remaining portions. *Id.* at 563. Revival of a prior version of SORA was also untenable because of concerns about infringing on the Legislature's prerogatives. *Id.* at 571-572. The Court concluded, "Having determined that severability and revival are inappropriate tools to remedy the constitutional violation in this case, we are constrained to hold that the 2011 SORA may not be retroactively applied to registrants whose criminal acts subjecting them to registration occurred before the enactment of the 2011 SORA amendments." *Id.* at 573-574. Because the defendant in *Betts* was convicted of failing to comply with registration requirements for a listed offense committed in 1993, the Court vacated that conviction. *Id.* at 574.

Accordingly, the 2011 SORA amendments may not be applied to defendant as a direct consequence of his criminal acts subjecting him to registration in 2005. But defendant does not request that this Court vacate his later conviction relating to a failure to comply with sex-offender reporting duties. Instead, defendant urges this Court to remand this case to the trial court so that he may withdraw his 2005 guilty plea. Defendant argues that the plea was not knowing and voluntary because he did not know the extent of the future amendments to SORA registration requirements in 2011.

In *People v Cole*, 491 Mich 325; 817 NW2d 497 (2012), our Supreme Court explained the requirements for a plea to satisfy due process:

A no-contest or a guilty plea constitutes a waiver of several constitutional rights, including the privilege against compulsory self-incrimination, the right to a trial by jury, and the right to confront one's accusers. For a plea to constitute an effective waiver of these rights, the Due Process Clause of the Fourteenth

Amendment requires that the plea be voluntary and knowing. In *Brady v United States*, 397 US 742, 748; 90 S Ct 1463; 25 L Ed 2d 747 (1970), the United States Supreme Court held that "[w]aivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." In assessing voluntariness, the Court stated that a defendant entering a plea must be "fully aware of the direct consequences" of the plea. [*Cole*, 491 Mich at 332-333 (some citations omitted).]

In *Cole*, the plea was not voluntary because the defendant had not been advised of the lifetime electronic-monitoring requirement, which the Court explained was intended as a punishment and therefore "a direct consequence of a guilty or no-contest plea." *Id.* at 335-337.

Because the 2011 SORA amendments, as a whole, constituted a punishment under *Betts*, they became direct consequences of defendant's plea to the extent that they were applied to him retroactively. According to defendant's reasoning, the application of those amendments to him rendered his guilty plea not knowing or voluntary, because, obviously, those amendments were not in view in 2005.

As noted, for relief from his involuntary plea, defendant wishes to withdraw his plea. MCR 6.310(C) addresses plea withdrawal as follows:

> (1) The defendant may file a motion to withdraw the plea within the time for filing an application for leave to appeal . . . .

> (2) Thereafter, the defendant may seek relief only in accordance with the procedure set forth in subchapter 6.500.

> (3) If the trial court determines that there was an error in the plea proceeding that would entitle the defendant to have the plea set aside, the court must give the advice or make the inquiries necessary to rectify the error and then give the defendant the opportunity to elect to allow the plea and sentence to stand or to withdraw the plea. If the defendant elects to allow the plea and sentence to stand, the additional advice given and inquiries made become part of the plea proceeding for the purposes of further proceedings, including appeals.

The time for filing a motion to withdraw the plea under MCR 6.310(C)(1) expired many years ago, thus leaving defendant no avenue for relief but for seeking relief from judgment under MCR 6.310(C)(2). When a defendant seeks such relief on grounds, other than jurisdictional defects, that could have been raised on appeal, the defendant must show good cause for the failure to raise such grounds earlier, along with actual prejudice as a result of the alleged irregularity. MCR 6.508(D)(3)(a) and (b). Actual prejudice results from a conviction entered on a guilty plea if a "defect in the proceedings was such that it renders the plea an involuntary one to a degree that it would be manifestly unjust to allow the conviction to stand." MCR 6.508(D)(3)(b)(*ii*). "MCR 6.508 protects [against] unremedied manifest injustice." *People v Clark*, 274 Mich App 248, 253; 732 NW2d 605 (2007). "A defendant has the burden to establish entitlement to relief" under MCR 6.508. *People v Swain*, 288 Mich App 609, 630; 794 NW2d 92 (2010).

We conclude that denying the motion for relief from judgment was not an abuse of discretion because MCR 6.508 is limited to the protection against "*unremedied* manifest injustice." *Clark*, 274 Mich App at 253 (emphasis added). Even if defendant can establish that his plea was not voluntary and manifest injustice resulted, in *Betts* our Supreme Court crafted a remedy for claimants, such as defendant here, by holding that "the 2011 SORA may not be retroactively applied to registrants whose criminal acts subjecting them to registration occurred before the enactment of the 2011 SORA amendments." *Betts*, 507 Mich at 573-574. Thus, it would not be "manifestly unjust to allow the conviction to stand." MCR 6.508(D)(3)(b)(*ii*). Moreover, defendant has already been discharged from the sentences resulting from his 2005 plea. Therefore, the asserted manifest injustice does not stand unremedied.

## III. CONCLUSION

The trial court did not abuse its discretion by denying defendant's motion to withdraw his 2005 guilty plea, and his argument concerning the applicability of the 2021 SORA amendments is not properly before this Court at this time. Consequently, we affirm.

/s/ Jane E. Markey
/s/ Mark T. Boonstra
/s/ Michael J. Riordan

-6-